IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV316
(1:04CR43-10)

| | |
|---|---|
| BILLY EUGENE PROFFITT, JR., ) ) Petitioner, ) ) Vs. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on a handwritten letter from the Defendant in which he requests that his "appeal be rentered (sic) into the courts on my claims of inafective (sic) counsel. 2255." **Pleading, filed September 18, 2006.**

On April 5, 2004, the Defendant was charged in a two count bill of indictment with conspiracy to manufacture methamphetamine and possessing precursors with intent to manufacture methamphetamine. **Bill of Indictment, filed April 5, 2004.** The Defendant had a prior felony drug conviction. **Amended Information pursuant to 21 U.S.C. § 851, filed October 14, 2004.** On September 30, 2004, he entered into a plea

agreement with the Government pursuant to which he pled guilty to Count One.  **Plea Agreement, filed September 30, 2004.**  His guilty plea was accepted on November 1, 2004.  On April 28, 2005, the undersigned sentenced the Defendant to 190 months imprisonment.  **Judgment of Conviction in a Criminal Case, filed May 10, 2005.**  The Defendant appealed but his conviction and sentence were affirmed by the Fourth Circuit on March 29, 2006.  ***United States v. Proffitt*, 173 F. App'x, 245 (4th Cir. 2006).**  No petition for a writ of *certiorari* was filed.  As a result, the Defendant's conviction became final 90 days after March 29, 2006.  ***Clay v. United States*, 537 U.S. 522 (2003).**

In the document now filed with the Court, the Defendant seeks to have his "appeal be reentered" based on ineffective assistance of counsel.  The one page handwritten document contains an allegation that he was unaware of the drug quantity being attributed to him at the time he pled guilty.

In keeping with the decision of the Fourth Circuit in *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), the undersigned provides the following notice to the Defendant:

The Defendant is hereby placed on notice that the Court intends to construe his request for a second appeal as a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. *Id.* The Defendant, therefore, will be afforded an opportunity to advise the Court whether he agrees or disagrees with this re-characterization of the motion.

Before making this decision, the Defendant should consider that if the Court construes this motion as one brought pursuant to § 2255, it will be his first § 2255 petition; this means that before he can file a second or successive § 2255 petition, the Petitioner must receive certification from the Fourth Circuit. Moreover, in determining whether the Defendant agrees or disagrees with this re-characterization, he should consider that the law imposes a one year statute of limitations on the right to bring a motion pursuant to § 2255. This one year period begins to run at the latest of:

1.  the date on which the judgment of conviction became final;

2.  if the defendant was prevented from making a motion under § 2255 by governmental action in violation of the Constitution or laws of the United States, the date on which the impediment created by such governmental action is removed;

3.  the date on which the right asserted was initially recognized by the Supreme Court, if such right has been

    newly recognized by the Supreme Court **AND** made retroactively applicable to cases on collateral review; or

  4.  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

  The Defendant has 30 days from service of this Order to file his response.  If Defendant timely responds to this Order and does not wish to have the motion recharacterized as one under § 2255, the Court will rule on the merits of the pleading as a request to re-enter appeal.  However, if the Defendant fails to respond to this Order or agrees to have the motion recharacterized as one under § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed.

  If the Defendant agrees to have the motion considered as one pursuant to § 2255, he may file an amendment in further support of the motion on or before 30 days from service of this Order.

  **IT IS, THEREFORE, ORDERED** that the Defendant shall comply with the provisions of this Order by written filings on or before 30 days from service of this Order.

5

Signed: October 23, 2006

_____

Lacy H. Thornburg
United States District Judge